### THE ALFRED W. BOOTH.

#### BOOTH et al. v. MORAN.

(Circuit Court of Appeals, Second Circuit. January 6, 1905.)

#### Nos. 97, 98.

COLLISION—TOW AND ANCHORED SCOW—DEFECTIVE STEERING GEAR.

A collision between the first of two tows on a long hawser and an anchored scow *held* to have been due solely to the fault of the tow, whose steering gear had been out of order for some days, to the knowledge of the master and owners, by reason of which she failed to follow the tug, which had no knowledge of her defective condition, and was entitled to assume that she could be steered.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, §§ 73-81.]

Appeals from the District Court of the United States for the Southern District of New York.

Appeal from decree of District Court holding Barney dumper No. 3 solely in fault for a collision with an anchored scow. Reported below in 123 Fed. 172.

Le Roy S. Gove, for appellants.

Chas. C. Burlingham, for appellee Moran.

W. S. Montgomery, for appellees Hughes et al.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. We concur fully with the District Judge. The proximate cause of the collision was the condition of dumper No. 3, which made it impossible to give her a port helm. The disrepair which produced this condition had existed several days, was known to master and owners, and had not been communicated to the tug which had her in tow, and which was entitled to assume she could be steered.

The decree is affirmed, with interest and costs.